IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

JOE FREDDY RIFFE,

      Plaintiff,

v.                                          CASE NO. 2:12-cv-04460

MICHAEL J. ASTRUE[1],
Commissioner of Social Security,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.  By standing order, this case was referred to this United States Magistrate Judge to consider the pleadings and evidence and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B).  Neither party has filed a motion for judgment on the pleadings.

The Plaintiff, Joe Freddy Riffe (Claimant), filed applications for SSI and DIB on January 27, 2009 (Tr. at 124-128, 129-134).  In both applications, Claimant alleged disability beginning December 6, 2008.  The claims were denied initially on May 28, 2009, and upon reconsideration on October 21, 2009 (Tr. at 52, 53, 54, 55).  On December 11, 2009, Claimant requested a hearing before an Administrative Law Judge (ALJ) (Tr. at 75-76).  The hearing was held on September 9, 2010, before the Honorable Irma J. Flottman.  By decision dated September 22,

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.  Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. § 405(g), Carolyn W. Colvin is automatically substituted as the defendant in this action.

2010, the ALJ determined that Claimant was not entitled to benefits (Tr. at 7-20).  On November 22, 2010, Claimant requested a review by the Appeals Counsel (Tr. at 117-122).  Claimant's request asserted that the ALJ failed to follow the treating physician rule (Tr. at 118).  Claimant states "The ALJ gave the unsupported and incomplete reports of reviewing doctors more weight than the treating physicians' reports." (*Id.*)  The ALJ's decision became the final decision of the Commissioner on June 20, 2012, when the Appeals Council denied Claimant's request for review (Tr. at 1-3).  On August 17, 2012, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g) (ECF No. 2).  Claimant's Complaint filed August 17, 2012, asserted that "The decision denying plaintiff's claim is not in accordance with the purpose and intent of the Social Security Act, nor is it in accordance with the law, nor is it in accordance with the evidence, in that plaintiff is disabled from performing substantial gainful activity." (*Id.*)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(i), a claimant for disability benefits has the burden of proving a disability.  *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972).  A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims.  20 C.F.R. § 404.1520, 416.920 (2012).  If an individual is found "not disabled" at any step, further inquiry is unnecessary.  *Id.* §§ 404.1520(a), 416.920(a).  The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment.  *Id.* §§ 404.1520(b), 416.920(b).  If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment.  *Id.*  §§ 404.1520(c), 416.920(c).  If a severe

impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4.  *Id*. § 404.1520(d), 416.920(d).  If it does, the claimant is found disabled and awarded benefits.  *Id*.  If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work.  *Id*. § 404.1520(e), 416.920(e).  By satisfying inquiry four, the claimant establishes a *prima facie* case of disability.  *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).  The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. §§ 404.1520(f), 416.920(f) (2012).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job and (2) that this specific job exists in the national economy.  *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date (Tr. at 9).  Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of residual deficits status-post fracture to the right ankle, left elbow and left forearm and history of syncopal episodes (Tr. at 10).   At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1 (Tr. at 12).  The ALJ then found that Claimant has a residual functional capacity ("RFC") for light work,

reduced by nonexertional limitations[2] (Tr. at 13).  As a result, Claimant cannot return to his past relevant work (Tr. at 18).  Nevertheless, the ALJ concluded that Claimant could perform jobs such as sales clerk/cashier and delivery person (Tr. at 29).  On this basis, benefits were denied (Tr. at 7-20).

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as:

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  Additionally, the Commissioner, not the Court, is charged with resolving conflicts in the evidence.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Nevertheless, the Courts must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.  *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

Claimant was born on November 2, 1963, and was 47 years old at the time of the administrative hearing (Tr. at 31).  Claimant graduated high school.  Claimant has previously worked as a manager and in sales for automobile parts and services businesses.  He also has

---

[2] Claimant is limited to never climbing ladders, ropes or scaffolds.  He may occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl.  He should avoid concentrated exposure to extreme cold and extreme heat and even moderate exposure to excessive vibrations and hazards such as heights and machinery (Tr. at 13).

work experience as a warehouse employee loading and unloading trucks and a security guard (Tr. at 45-46).

Claimant's request for the Appeals Council to review the ALJ's decision asserts that the ALJ erred by failing to afford adequate weight to the opinion of his treating physicians. Without any contention more specific in the request or Complaint, the undersigned viewed the record as a whole and evaluated the opinions of all of Claimant's treating physicians. In evaluating the opinions of treating sources, the Commissioner generally must give more weight to the opinion of a treating physician because the physician is often most able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. *See* 20 C.F.R. § 404.1527(d)(2) (2001). Nevertheless, a treating physician's opinion is afforded "controlling weight only if two conditions are met: (1) that it is supported by clinical and laboratory diagnostic techniques and (2) that it is not inconsistent with other substantial evidence." *Ward v. Chater,* 924 F. Supp. 53, 55 (W.D. Va. 1996); *see also*, 20 C.F.R. § 404.1527(d)(2) (2001). The opinion of a treating physician must be weighed against the record as a whole when determining eligibility for benefits. 20 C.F.R. §§ 404.1527(d)(2) (2001). Ultimately, it is the responsibility of the Commissioner, not the Court to review the case, make findings of fact and resolve conflicts of evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). As noted above, however, the Court must not abdicate its duty to scrutinize the record as a whole to determine whether the Commissioner's conclusions are rational. *Oppenheim v. Finch,* 495 F.2d 396, 397 (4th Cir. 1994).

The ALJ gave great weight to the Adult Mental Status Evaluation performed by West Virginia Disability Determination Service's psychologist Lester Sargent, M.A., as his opinions and observations were consistent with the record as a whole (Tr. at 11, 307-313). The ALJ gave

significant weight to two state agency non-examining physicians, Marcel Lambrechts, M.D. and Caroline Williams, M.D., as to their opinions and observations were consistent with the record as a whole (Tr. at 17, 318-325, 445-446).  The ALJ gave significant weight to the opinions of two non-examining psychologists, John Todd, Ph.D., and Holly Cloonan, Ph.D., as to their opinions and observations were consistent with the record as a whole (Tr. at 17, 326-327, 447).

The ALJ gave significant weight to the opinions and observations of Claimant's primary care physician James Stollings, D.O., and Claimant's treating orthopedist John Crompton, M.D., insofar as they were consistent with the medical record of evidence. (Tr. at 10-15).  The opinions and observations of Jason Huffman, Claimant's physical therapist, were found to be consistent with other evidence of record (Tr. at 15).

Mari Sullivan Walker, M.A. conducted a Psychological Evaluation and Testing Report at the request of Claimant (Tr. at 740-752).  Ms. Walker's one-time consultation was performed on September 6, 2010.  Ms. Walker's conclusion that Claimant was incapable of sustaining steady gainful employment was inconsistent with substantial evidence of record (Tr. at 18, 448-482). The ALJ gave no weight to Ms. Walker's opinion as it was conclusory and not supported by the medical record as a whole.  The ALJ emphasized that Ms. Walker's examination was not for treatment but rather "through attorney referral and in connection with an effort to generate evidence for the current appeal" (Tr. at 18).  Opinions and observations from Claimant's treating physicians, as well as, the non-examining state agency physicians were given significant or great weight insofar as they were consistent with the medical record of evidence.

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.  The Commissioner complied with the applicable regulations and case law in determining that Claimant could perform a significant number of jobs in the national economy despite his severe impairments of residual deficits status-post fracture to the right ankle, left elbow and left forearm and history of syncopal episodes.[3]  Therefore, it is hereby respectfully RECOMMENDED that the District Court AFFIRM the final decision of the Commissioner and DISMISS this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED and a copy will be submitted to the Honorable John T. Copenhaver, Jr..  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour,* 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Copenhaver and this Magistrate Judge.

---

[3] A Vocational Expert testified at the administrative hearing that Claimant could perform the occupations of a sales clerk/cashier and delivery person.  Pursuant to SSR 00-4p, the Vocational Expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles (Tr. at 19).

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

August 29, 2013

Dwane L. Tinsley
United States Magistrate Judge